### BECK et al. v. MAGNOLIA CO. *

(Circuit Court of Appeals, Fifth Circuit. December 14, 1923.)

No. 4149.

1. Patents ⬅➡219(6)—Whether testimony as to dates merely inaccurate held for jury.

In an action for damages for breach of contract whereby defendants sold plaintiff the right to erect a patented sweet potato curing house, in that the blueprints and specifications furnished did not embody the patented system, *held*, that it was for the jury to determine whether testimony that plaintiff began construction before the contract became effective, and before the plans and specifications had been furnished by defendants, was merely inaccurate as to the dates, where evidence as a whole warranted such finding.

2. Appeal and error ⬅➡248—Ruling, not excepted to at trial, not reviewable.

Where a ruling is not excepted to at the trial, it is not reviewable on writ of error.

In Error to the District Court of the United States for the Northern District of Texas; Wm. H. Atwell, Judge.

Action by the Magnolia Company against Harry Beck and another. Judgment for plaintiff, and defendants bring error. Affirmed.

C. M. Smithdeal and Wendel Spence, both of Dallas, Tex. (Spence, Haven, Smithdeal & Spence, of Dallas, Tex., on the brief), for plaintiffs in error.

R. A. Ritchie and H. G. Goggans, both of Dallas, Tex., and Geo. W. Currie (Currie & Smith, of Hattiesburg, Miss., and Dabney, Goggans & Ritchie, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the defendant in error (herein called plaintiff) to recover damages for the alleged breach of a written contract, dated October 16, 1919, whereby the plaintiffs in error (herein called defendants) sold to plaintiff the right to erect or

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied February 1, 1924.

cause to be erected at or near Hattiesburg, Miss., one sweet potato curing house or plant, to be equipped with and use a patented system or method of curing sweet potatoes owned by defendants, and agreed to furnish plaintiff blueprints and specifications for such curing house or plant. The contract sued on contained a provision to the effect that it was not to be binding on defendants until approved by them at their home office in Dallas, Tex. The petition contained allegations to the effect that a sweet potato curing house or plant constructed in accordance with the blueprints and specifications furnished by the defendants would not be in accordance with the requirements and provisions of the patent mentioned; that the house or plant constructed in pursuance of the blueprints and specifications furnished did not embody the patented method or system, with the result that potatoes stored therein by plaintiff in reliance on such house or plant complying with the requirements and provisions of the patent rotted and became utterly worthless and useless; and that if the blueprints and specifications furnished had been such that a curing house or plant constructed in accordance therewith would conform to the provisions and requirements of the patent, such house or plant would have been successful for the purpose for which it was intended, to wit, the storing and curing of sweet potatoes.

[1] Complaints of the court's action in giving and refusing instructions to the jury are based on the assertion that the undisputed evidence adduced showed that the plaintiff commenced and proceeded with the erection of its sweet potato curing house or plant before the contract became effective, and before the blueprints and specifications were furnished by the defendants. That assertion is based on statements made by witnesses as to dates when work on such house or plant was commenced or done. It was open to the jury to consider that testimony, in connection with other testimony to the effect that from the time the erection of the curing house or plant was started the blueprints and specifications furnished by defendants were in possession of the plaintiff and were followed in doing the work, and to find that as to dates the above referred to testimony of witnesses was merely inaccurate. The evidence as a whole warranted findings that the blueprints and specifications were furnished by the defendants, and the contract became effective before the erection of the curing house or plant was started, and that the structure erected in accordance with such blueprints and specifications was defective as alleged.

[2] Complaint is made of the action of the court in overruling an objection by defendants to testimony offered. That ruling is not presented for review, as the record does not show that there was an exception to it. The questions raised are not such as to call for further comment. No reversible error is shown by the record.

The judgment is affirmed.